UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IOAN FILIP AND CHRISTOPHER FILIP, | ) ) ) | |
| Plaintiffs, | ) ) ) | CAUSE NO. 3:08-CV-426 RL |
| v. | ) ) | |
| DONALD FERGUSON, *et. al.*, | ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On November 24, 2008, the parties submitted a Stipulated Protective Order, requesting that this Court issue a protective order. For the following reasons, this Court **DENIES WITHOUT PREJUDICE** the parties' motions for a protective order. [Docs. Nos. 25, 26, 27]. The parties may resubmit a proposed protective order which comports with Seventh Circuit precedent for this Court's consideration.

**I.   APPLICABLE STANDARDS**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); Citizens First National Bank of Princeton v. Cincinnati Insurance Co., 178 F.3d 943, 944 (7th Cir.1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. Citizens, 178 F.3d at 944; See also Pierson v. Indianapolis Power & Light Co., 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process....'") (quoting Citizens, 178 F.3d at 945). In other words, this Court cannot serve as a rubber stamp whenever parties wish to seal public records, but must review all

requests to seal documents in light of the public interest in the judicial process. Citizens, 178 F.3d at 945 (citing In re Krynicki, 983 F.2d 74 (7th Cir.1992); Miller, Arthur M., Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L.Rev. 427, 492 (1991)).

When reviewing an agreed protective order seeking to seal documents produced in discovery, this Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 946). This Court may issue a protective order in this case pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

**II.   ANALYSIS**

The parties' proposed order fails to satisfy the forth prong of the above standard because it does not contain the specific language referring to the public interest. The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings." Jessup v. Luther, 227 F.3d 993, 997 (7th Cir. 2000). In granting protective orders, judges are the "the primary representative[s] of the public interest in the judicial process" and must require that a "protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." Pierson, 205 F.R.D. at 647 (citing Citizens, 178 F.3d at 945-46). The proposed order fails to allow any interested member of the public to challenge the sealing of particular documents

**III. CONCLUSION**

Because the parties' Stipulated Protective Order fails to permit public challenge, this Court **DENIES WITHOUT PREJUDICE** the parties' motion for a protective order. [Docs. Nos. 25, 26, 27]. The parties may resubmit their proposed order in light of the standards set forth in this order and the citations herein.

**SO ORDERED**.

Dated this 25th Day of November, 2008.

     S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge